[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10707
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00363-CEH-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMEON KERK ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2021)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Dameon Allen appeals his conviction for attempting to entice a minor to engage in illegal sexual activity, arguing that the government failed to present sufficient evidence of his predisposition to commit the offense. After careful review, we affirm.

I.

Here we recount only the facts necessary to decide this appeal. Allen pursued a sexual relationship with a person who purported to be a 14-year-old girl, but who actually was an FBI Special Agent. As a result of his conduct, a grand jury indicted him on one count of attempting to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). He pled not guilty and proceeded to a jury trial.

At trial, the government presented testimony from the agent who communicated with Allen under the guise of an underage girl. The government also introduced the online and text messages between Allen and the agent. We describe this evidence in further detail below. At the close of the government's case, and again after the defense rested, Allen moved for a judgment of acquittal, arguing that he was entrapped into committing the offense and that the government failed to establish that he was predisposed to engage in the unlawful conduct. The district court denied the motion on both occasions but permitted the jury to consider Allen's entrapment defense, instructing the jury as to its elements. The

2

jury found Allen guilty. The district court sentenced Allen to 120 months' imprisonment, followed by 5 years of supervised release.

This is Allen's appeal.

## II.

"Entrapment is an affirmative defense that requires (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to commit the crime before the inducement." *United States v. Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016). If a jury rejects a defendant's claim that he was entrapped, our review is limited to determining whether the government presented sufficient evidence to the jury for it reasonably to have concluded that the defendant was predisposed to take part in the crime. *Id.* at 1234–35.

Because entrapment generally is a jury question, review of an entrapment claim is, as a matter of law, a sufficiency of the evidence inquiry. *United States v. Brown*, 43 F.3d 618, 622 (11th Cir. 1995). We review a jury's rejection of an entrapment defense *de novo*, viewing all the evidence and inferences drawn therefrom in the government's favor. *United States v. Francis*, 131 F.3d 1452, 1456 (11th Cir. 1997). We cannot overturn the jury's verdict if there is any reasonable construction of the evidence that would allow the jury to have found the defendant guilty beyond a reasonable doubt. *Id.*

3

III.

Allen argues that insufficient evidence supported the jury's rejection of his entrapment defense and its finding that he was predisposed to commit the crime. We disagree.

Whether a defendant is predisposed "is a fact-intensive and subjective inquiry, requiring the jury to consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's agents." *Rutgerson*, 822 F.3d at 1235. Although there is no set list of factors used to weigh an entrapment defense, we have applied the following guiding principles:

> Predisposition may be demonstrated simply by a defendant's ready commission of the charged crime. A predisposition finding is also supported by evidence that the defendant was given opportunities to back out of illegal transactions but failed to do so. Post-crime statements will support a jury's rejection of an entrapment defense. Existence of prior related offenses is relevant, but not dispositive. Evidence of legal activity combined with evidence of certain non-criminal tendencies, standing alone, cannot support a conviction. Finally, the fact-intensive nature of the entrapment defense often makes jury consideration of demeanor and credibility evidence a pivotal factor.

*Id.* (internal quotation marks omitted); *see also Brown*, 43 F.3d at 625 ("The government need not produce evidence of predisposition prior to its investigation").

Allen was convicted of violating 18 U.S.C. § 2422(b), which prohibits attempting to entice a minor to engage in illegal sexual activity. 18 U.S.C.

4

§ 2422(b). In *Rutgerson*, we reviewed a lack-of-predisposition claim from a defendant who also argued that he was entrapped into violating § 2422(b). 822 F.3d at 1234. There, the defendant made the initial contact with the purported minor, "readily proceeded to attempt to arrange a sexual encounter with her" after learning her age, "never once said that he did not want to have sex with" the minor or attempted to back out despite having the opportunity to do so, and admitted after his arrest that he believed that he was texting a minor. *Id.* at 1235. We determined that the government "simply provided [the defendant] with the opportunity to commit a crime by [posing as a minor], and his ready commission of the criminal act amply demonstrated his predisposition." *Id.* at 1236 (alterations adopted) (internal quotation marks omitted).

Much like in *Rutgerson*, the evidence in this case was sufficient to support the jury's finding that Allen was predisposed to violate § 2422(b). An FBI agent testified that he made a fake online dating profile depicting himself as "Maddie," a 14-year-old girl. As a profile photo he uploaded a photo of a female agent when she was approximately 14. Here, as in *Rutgerson*, the agent testified that he did not reach out to Allen, but rather, Allen sent a message to "Maddie" first. The online messages between "Maddie" and Allen, admitted into evidence at trial, show that the same night their communication began, "Maddie" told Allen that she was 14 years old. "Maddie" told Allen several more times that she was a minor,

even once asking "R u sure its ok that I'm only 14"; Allen reassured her that he was still interested and continued to pursue a sexual encounter with her. Doc. 66-4 at 7.[1] This evidence demonstrated that Allen had an opportunity to back out of the transaction and did not take it, but rather "readily proceeded to attempt to arrange a sexual encounter" with "Maddie." *Rutgerson*, 822 F.3d at 1235. Plus, like in *Rutgerson* the government introduced evidence that upon his arrest Allen told agents that he believed he was arrested "because of the back-and-forth texting." Doc. 110 at 76; *see Rutgerson*, 822 F.3d at 1235.

Allen notes that there is no evidence that he previously had behaved inappropriately toward young girls or sought young girls for sexual encounters and argues that this demonstrates he lacked any predisposition to commit the offense. However, the existence (or nonexistence) of prior related offenses is not dispositive to the predisposition inquiry. *See Rutgerson*, 822 F.3d at 1234. He also notes that "Maddie's" online dating profile stated that she was 18—a requirement for registration on the site—and so he could have believed that "Maddie" was role-playing as a minor when she told him she was only 14. Even if the jury *could* have made that inference, however, our standard of review requires us to assume that it did not. *Francis*, 131 F.3d at 1456. Finally, Allen points out that although he had agreed over text messages to meet "Maddie" with flowers,

---

[1] "Doc." numbers refer to the district court's docket entries.

champagne, and condoms in hand, he did not possess any of those items when agents arrested him. Even if showing up empty handed could be considered evidence of his lack of predisposition, the government introduced evidence that Allen agreed to meet "Maddie" at a Winn-Dixie grocery store, as well as testimony that the store generally sold these items. The jury could reasonably have inferred that Allen would purchase the promised items at the store where he parked and rejected the notion that his empty-handedness was indicative of his innocence. *See id.*

The government presented sufficient evidence that Allen was predisposed to attempt to entice a minor to engage in illegal sexual activity. Thus, the jury was entitled to reject Allen's entrapment defense. We affirm his conviction.

**AFFIRMED.**

7